## MARY OUVERSON *vs.* THE CITY OF GRAFTON.

Opinion filed November 7th, 1895.

### Actual Contact with Obstruction in Street Need not be Plead in Action for Personal Injury.

In an action against a municipality to recover damages resulting from an injury caused by the negligent act of the defendant in permitting an obstruction (*i. e.* a steam threshing engine) to stand upon the traveled portion of one of its public streets, at which the horse behind which plaintiff was riding became frightened and momentarily unmanageable, and the injury resulted, it is not necessary to allege any actual contact with such obstruction.

### Object Calculated to Frighten Horses—Jury Question.

Nor can a court say, as matter of law, that such an obstruction is not calculated to frighten horses of ordinary gentleness. That question is for the jury.

### Two Causes—Proximate Cause.

When two causes unite in producing an injury,—one being the negligent act or omission of a municipality, and the other something for which neither the municipality nor the party injured was responsible,—and when the injury could not have resulted but for the negligent act or omission of the municipality, such act or omission is the proximate cause of the injury.

### Injury Natural Result of Wrongful Act or Omission.

When a horse of ordinary gentleness becomes frightened at an object negligently and wrongfully permitted to stand in the public street of a city, and, because of such fright, becomes momentarily unmanageable, and by reason thereof an accident occurs, resulting in injury, and when no contributory negligence can be imputed to the injured party, the city is liable in damages for such injury, provided the injury be one that might reasonably be anticipated as a natural result of such negligent and wrongful act or omission; and § 4600, Comp. Laws, makes a defendant liable even when the injury is proximate, though not reasonably anticipated.

### Burden of Proving Contributory Negligence is Upon Defendant.

A traveler is not required to forego travel on a street because he may know of a an obstruction thereon, nor is he required to show that in passing he used extraordinary care to avoid the injury for which he seeks to recover. But he is required to use ordinary care, in view of all the circumstances, and, if an ordinarily prudent person would not undertake to pass the obstruction under the circumstnnces, then it would be contributory negligence to do so. The burden of showing contributory negligence rests upon the defendant, and, unless such negligence conclusively appears from plaintiff's testimony, the court cannot take the case from the jury.

**Imputed Negligence.**

> When plaintiff, at her own request, was riding with a third person, who owned and controlled the horse and conveyance, and whose judgment and capacity to drive she had no reason to doubt,—such person being in no manner under plaintiff's control, and not being a person for whom plaintiff was responsible,—the negligence of such person, contributing to the injury, cannot be imputed to plaintiff to defeat a recovery.

**Certain Evidence Incompetent.**

> Evidence that a certain steam engine (not the one at which the horse was frightened) was in operation an hour before the accident, and a few minutes thereafter, *held* incompetent to establish the fact that such engine was in operation when the accident occurred, the evidence generally showing that such engine was operated very irregularly.

**Matters of Everyday Observation Not Subject for Expert Testimony.**

> Whether or not a given object, standing upon the street, is calculated to frighten horses of ordinary gentleness, is not a question for expert testimony.

Appeal from District Court, Walsh County; *Templeton*, J.

Action by Mary Ouverson against the City of Grafton for injuries resulting from an obstruction in a street. There was a verdict for plaintiff, and from an order denying a new trial defendant appeals.

Affirmed.

*Halvor Steenerson, O. E. Sauter* and *J. H. Fraine*, for appellant.

An object in the highway with which the traveler does not come in contact or collision and which is not an obstruction in the way of travel is not to be deemed a defect. *Cook* v. *Montague*, 115 Mass. 571; *Keith* v. *Inhabitants of Easton*, 2 Allen, 552; *Durke* v. *Lowell*, 13 Metc. 292; *Kingsburg* v. *Dedham*, 13 Allen, 186; *Cook* v. *Charleston*, 13 Allen, 190. Where a horse takes fright at some object by the roadside and runs away but does not come in contact with obstructions or defects in the highway, the municipality is not liable. *Moulton* v. *Sandford*, 51 Me. 127; *Perkins* v. *Fayette*, 68 Me. 154; *Dreher* v. *Fitchburg*, 22 Wis. 675. The duty of the municipality does not go to the extent that it must keep its streets in such condition of repairs, and so free from obstacles that horses in general will not take fright at them. *County of*

*Fulton* v. *Rickel*, 106 Ind. 501, (7 N. E. Rep. 220;) *Merrill* v. *Hampden*, 26 Me. 234; *Davis* v. *City of Bangor*, 42 Me. 522; *Nichols* v. *Athens*, 66 Me. 402. The collision with the platform scales was the proximate cause of the injury, and not the fright from the engine. *Campbell* v. *City*, 32 Minn. 308; *Lowery* v. *Manhattan Ry. Co.*, 1 N. E. Rep. 609; *Hinckly* v. *Somerset*, 14 N. E. Rep. 166; *Hoag* v. *Lake Shore Ry. Co.*, 27 Am. Rep. 653; *Savery* v. *Manchester*, 58 N. H. 44; *Schaefer* v. *Ry. Co.*, 105 U. S. 1070; *Insurance Co.* v. *Tweed*, 7 Wal. 44; *Railway Co.* v. *Kellogg*, 94 U. S. 469; *Town* v. *Adams*, 15 Am. & Eng. Corp. Cases, 259; *Houfe* v. *City*, 29 Wis. 296. One who voluntarily or needlessly puts himself in a dangerous place, must take whatever injury comes from his own act, or want of attention to danger. *Goldstein* v. *Railway Co.*, 46 Wis. 404; *Pittsburg Railway Co.* v. *Collins*, 87 Pa. St. 405; *Baltimore Railway Co.* v. *DePew*, 41 Ohio St. 121. Where the driver of a carriage by reason of his negligence causes injury either alone or concurrently with the acts of others to the passenger of the carriage, the negligence of the driver is imputed to the occupant. *Thoragood* v. *Bryan*, 8 C. B. 115; *Morris* v. *C. M. & St. P. Ry. Co.*, 26 Fed. Rep. 22; *Houfe* v. *Town*, 29 Wis. 296; *Olis* v. *Town*, 47 Wis. 422; *Railroad Co.* v. *Miller*, 25 Mich. 274; *Lockhart* v. *Litchtenthober*, 46 Pa. St. 151; *Cuday* v. *Harn*, 46 Mich. 596; *Prideaux* v. *Mineral Point*, 43 Wis. 513; *Stillson* v. *Hannibal Ry. Co.*, 67 Mo. 671; *Holly* v. *Boston Gas Light Co.*, 8 Gray, 123; *Carlisle* v. *Sheldon*, 38 Vt. 440.

*Cochrane & Feetham*, for respondent.

Where an object naturally calculated to frighten horses of ordinary gentleness is negligently permitted to remain in the highway, and a horse becomes frightened at it, and injury results, the corporation is liable. *Chicago* v. *Hay*, 75 Ill. 530; *Town of Rushville* v. *Adams*, 57 Am. Rep. 124; *Morse* v. *Richmond*, 41 Vt. 435; *Winship* v. *Enfield*, 42 N. H. 199; *Dimock* v. *Town*, 30 Conn. 129; *Ayer* v. *Norwich*, 39 Conn. 376; *Young* v. *New Haven*, 39 Conn. 435; *Bartlett* v. *Hooksett*, 48 N. H. 18; *Foshay* v. *Town*, 25

Wis. 288; *Curd* v. *Ellsworth*, 20 Am. Rep. 722; *Stanley* v. *Davenport*, 6 N. W. Rep. 706; *Stanley* v. *Davenport*, 2 N. W. Rep. 1064; *Town* v. *Arnold*, 13 At. Rep. 444; *Bennett* v. *Fifield*, 43 Am. Rep. 17; *Turner* v. *Buchanan*, 42 Am. Rep. 485; *Hughes* v. *Fond du Lac*, 41 N. W. Rep. 407; *Cairncross* v. *Pewaukee*, 47 N. W. Rep. 13; *Little* v. *City*, 42 Wis. 643; *Bloor* v. *Delafield*, 69 Wis. 273; *Bennett* v. *Lovell*, 18 Alb. L. Jr. 303; Elliott on Roads and Streets, 449; Jones on Neg. sec. 84; 2 Thompson on Neg. 778; 2 Dillon on Muc. Corp. § 1011 and note; Shearman and Redfield on Neg. § 355; Deering on Neg. 169; Morrill on City Neg. 5. The duty being imposed upon the city to keep its streets free from nuisances, it is liable for a neglect of this duty. *Larson* v. *Grand Forks*, 3 Dak. 307; *Ludlow* v. *Fargo*, 3 N. D. 485; Morrill on City Neg. 72; Jones on Neg. 53. "Where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, one being a culpable defect in the highway, the other some occurrence for which neither party is responsible, the municipality is liable provided the injury would not have been sustained but for such defect. *Ring* v. *Cohoes*, 77 N. Y. 83; *Lake* v. *Milliken*, 16 Am. Rep. 456; *Lowery* v. *Manhattan Ry. Co.*, 99 N. Y. 158; *Ricker* v. *Freeman*, 9 Am. Rep. 267; *Chapman* v. *New Haven Ry. Co.*, 19 N. Y. 341; *Forner* v. *Geldmecher*, 42 Am. Rep. 388; Jones on Neg. 163 n. 381; 2 Shearman and Redfield, 346; *Turner* v. *Buchanan*, 82 Ind. 147; *Binford* v. *Johnson*, 42 Am. Rep. 508; *Griggs* v. *Fleckenstein*, 14 Minn. 62; *Harris* v. *Mobbs*, 31 Moaks Eng. Repts. 252; Morrill on Neg. 106; *Crawfordsville* v. *Smith*, 79 Ind. 308; *Chicago* v. *Schmidt*, 29 Alb. L. Jr. 479; *Emporia* v. *Schmidling*, 33 Kan. 485; *Pastene* v. *Adams*, 49 Cal. 87; Elliott on Roads and Streets 451, n.; *Boss* v. *N. P. Ry. Co.*, 2 N. D. 128. To establish contributory negligence, the burden is upon the defendant. *Gram* v. *N. P. Ry. Co.*, 1 N. D. 252; *Sanders* v. *Reister*, 1 Dak. 151; *Mare* v. *N. P. Ry. Co.*, 3 Dak. 336; Beach on Contributory Neg. § 426. Under the evidence in this case, the question of contributory negligence was one of fact for the jury, and could not be disposed of as a matter of law. *Jeffrey* v. *K. &*

*D. Ry. Co.*, 9 N. W. Rep. 884; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Pennsylvania Co.* v. *Hensil*, 36 Am. Rep. 188; *O. & M. Ry. Co.* v. *Collarn*, 38 Am. Rep. 134; *Henry County Turnpike Co.* v. *Jackson*, 44 Am. Rep. 274. "One is not required to forego travel on a highway merely because he knows it to be dangerous or to show that in the use of a highway know by him to be dangerous, he used extraordinary care to avoid an injury, for which he seeks to recover damages; but he should be careful in proportion to the danger of which he has knowledge and may proceed if it be consistent with reasonable prudence to do so; and it will generally be a question for the jury whether he used reasonable care, his knowledge of the defect in the highway being a circumstance to be considered with other circumstances in determining whether he used reasonable care." *Henry County Turnpike Co.* v. *Jackson*, 44 Am. Rep. 275; *Griffin* v. *Auburn*, 58 N. H. 121; *Osage City* v. *Brown*, 27 Kan. 74; *Estelle* v. *Lake Crystal*, 27 Minn. 243; *Kelly* v. *Southern Minn. Ry Co.*, 28 Minn. 98; *Mahoney* v. *Metropolitan Ry. Co.*, 104 Mass. 73; *Thomas* v. *Western Union Tel. Co.*, 100 Mass. 157; *Lyman* v. *Amherst*, 107 Mass. 339; *McKenzie* v. *Northfield*, 30 Minn. 456; *Mehan* v. *Syracuse*, 73 N. Y. 585; *Evans* v. *Utica*, 69 N. Y. 166; *City of Aurora* v. *Hillman*, 90 Ill. 61-65; *Lovenguth* v. *City of Bloomington*, 71 Ill. 238; *Bloomington* v. *Chamberlain*, 104 Ill. 268; *Harris* v. *Township*, 31 N. W. Rep. 425; *Allegany Co.* v. *Broadwaters*, 16 At. Rep. 223; *Kelly* v. *Fond du Lac*, 31 Wis. 179-187; *Elynton Land Co.* v. *Mingea*, 7 So. Rep. 666. The negligence of the driver was not imputable to the plaintiff. *Town of Albion* v. *Hetrick*, 46 Am. Rep. 233; *Robinson* v. *R. R. Co.*, 66 N. Y. 11; *Bennett* v. *R. R. Co.*, 36 N. J. L. 225; *Knapp* v. *Dagg*, 18 How. Pr. 165; *Nisbet* v. *Town*, (Ia.) 39 N. W. Rep. 516; *R. R. Co.* v. *Steinbremer*, 47 N. J. L. 161; *Little* v. *Hacket*, 116 U. S. 366, 6 Sup. Ct. Rep. 391; *Dyer* v. *Erie Ry. Co.*, 71 N. Y. 228; *Transfer Co.* v. *Kelly*, 36 Ohio St. 86; *Cuddy* v. *Horn*, 46 Mich. 596, 10 N. W. Rep. 32; *Tompkins* v. *Ry. Co.*, 4 Pac. Rep. 1165; *Follman* v. *Mankato*, 35 Minn. 522; *Metcalf* v. *Baker*, 11 Abb. Pr. (N. S.) 431; *St. Clair St. Ry. Co.* v. *Eadie*, 43 Ohio St. 91; *Elynton Land Co.*

v. *Mingea*, 7 So. Rep. 666; *Ry. Co.* v. *Hughes*, 6 So. Rep. 413; *Noyes* v. *Roscawen*, 10 At. Rep. 690; *Carlisle* v. *Brisbane*, 6 At. Rep. 372; *Town* v. *Musgrove*, 18 N. E. Rep. 452; *Sheffield* v. *Cent. U. Tel. Co.*, 36 Fed. Rep. 164; *R. R. Co.* v. *Hogeland*, 7 At. Rep. 105; *State* v. *Boston & M. R. Co.*, 15 At. R. 36; Beach Cont. Neg. § 109 and note. The question whether this engine was an object in its nature calculated to frighten horses of ordinary gentleness, was a question for the jury to determine from a consideration of its character, situation, the amount of travel on the highway, and other like circumstances. Elliott on Roads and Streets, 450; 2 Thompson on Negligence, 778; *Cleveland C. C. & I. Ry. Co.* v. *Wynant.* 17 N. E. Rep. 118; *Ayer* v. *The City of Norwich*, 39 Conn. 376, 12 Am. Rep. 396; *Young* v. *City of New Haven*, 39 Conn. 435. Evidence of other horses having frightened at the same object was admissable to show its natural tendency to frighten horses. Elliott on Roads and Streets, 451; *Darling* v. *Westmoreland*, (N. H.) 13 Am. Rep. 55; *Crocker* v. *McGregor*, (Me.) 49 Am. Rep. 611. The question as to whether or not an ordinarily prudent person would attempt to drive by the engine, was properly a question for the jury. Beach on Contrib. Neg. 328; *Alleghany Co.* v. *Broadwaters*, 16 At. Rep. 223; *Harris* v. *Township*, 31 N. W. Rep. 425; *Kelly* v. *Fond du Lac*, 31 Wis. 179 and 187; *MacKenzie* v. *Northfield*, 30 Minn. 456; *Estelle* v. *Ry. Co.*, 28 Minn. 98; *Hampson* v. *Taylor*, 8 Atl. Rep. 331 and note; *M'Keigne* v. *City of Janesville*, 31 N. W. Rep. 298.

BARTHOLOMEW, J. Mary Ouverson sued the City of Grafton upon a complaint which, after setting forth the incorporation of the municipality, and its duty, under its charter, to keep its streets free from obstructions, alleged in substance that for two weeks prior to September 23, 1892, the defendant carelessly and negligently permitted a threshing engine to stand upon one of its principal business streets, in such a position as to greatly lessen the width for available travel, and that said engine was calculated to frighten horses and obstruct the free use of the street, and that on said date, while plaintiff and one Slette were

carefully and cautiously driving along said street with a quiet horse, and while passing said engine, the horse became frightened thereat, and shied and became unmanageable, and overthrew the buggy in which they were riding, and plaintiff was thrown violently to the ground, and received injuries which crippled her for life, for which injuries, with the attending physical pain and distress, and loss of time, and the bills for surgical attendance and nursing, she sought to recover judgment against the city. The answer was partly in denial, and partly pleading contributory negligence. The case was tried to a jury. There was a general verdict in favor of plaintiff, and the jury also answered five questions submitted at defendant's request. A motion for a new trial was overruled, and judgment ordered on the verdict. Defendant appeals, and the first point urged as error was the action of the trial court in overruling defendant's objection to receiving any testimony under the complaint, on the ground that it did not state a cause of action. Much of the argument on this point seems to be based upon a misconstruction of the complaint. Appellant says in his brief, "As appears from the complaint, the alleged engine was standing by the roadside, and not in the raveled way of the street." On the contrary, the complaint specifically alleges that the engine was permitted "to be and remain upon the traveled portion of the street." But the principal point urged against the complaint is the fact that it does not allege that the injury was occasioned by coming in actual contact with any obstruction upon the street. The legal proposition advanced seems to be that a municipality is not liable for an obstruction on the highway, of such a nature as to frighten horses of ordinary gentleness, even though by reason of such fright an accident occurs, resulting in injury, and the injured party is without fault, when there was no actual contact with the obstruction. This proposition has some support in Massachusetts. See *Keith* v. *Inhabitants of Easton*, 2 Allen, 552; *Cook* v. *Inhabitants of Montague*, 115 Mass. 571. We do not think the doctrine has any support elsewhere, and even the Massachusetts cases would not aid

appellant, because they distinctly assert that in order to avoid liability the obstruction must be outside the traveled portion of the highway, while here the contrary is alleged. *Moulton* v. *Inhabitants of Sanford*, 51 Me. 127; *Perkins* v. *Inhabitants of Fayette*, 68 Me. 154; *Dreher* v. *Town of Fitchburg*, 22 Wis. 675; and *Houfe* v. *Town of Fulton*, 29 Wis. 296,—cited by appellant on this point, are in no manner applicable. These cases discuss an entirely different question. In *Nichols* v. *Inhabitants of Athens*, 66 Me. 402, the court held, as matter of law, that the object which caused the fright was not such an object as was calculated to frighten horses of ordinary gentleness. Other cases to the same import may be found, and appellant seems to think such should have been the holding in this case. We think not even had the allegations been simply that the horse become frightened at a steam threshing engine standing in the street; but when, as in this case. the allegation is coupled with the statement that such engine was calculated to frighten horses, there can, we think, be no doubt as to the correctness of the ruling below. The question was peculiarly for the jury. In case of an accident and injury by reason of· a horse becoming frightened at a traction engine in actual operation on the highway, as a means of conveyance, an entirely different question would arise, which we do not here discuss.

The next assignment relates to the proximate cause of the injury. And here it will be necessary to state certain undisputed facts. Sixth street, in the City of Grafton, runs east and west. Hill avenue runs north and south. The engine stood on the north side of Sixth street, and east of Hill avenue, in front of a building used for storing and selling machinery. Across Sixth street from the engine, and a little further east, was a building used as a steam printing office. Still east of that, and on the same side of the street, but with a platform between them, was a lumber office; and in front of the lumber office, and outside of the sidewalk, were platform scales, extending eight or nine feet into the street. The outside frame of the scales was higher than the street, and presented a perpendicular surface about eight

inches high.   East of the lumber office were the tracks of the Great
Northern Railway,—a main track and two side tracks.   These
tracks crossed Sixth street.   Plaintiff and Slette had driven in from
the country, a distance of about 25 miles, and were going east on
Sixth street, to plaintiff's home.   About the time they approached
Hill avenue, Slette noticed the engine, and asked if there was
any fire in it.   Plaintiff answered that she could see none.   (There
was, in fact, no fire in the engine.)   As they approached near the
engine, the horse gave some indications of becoming frightened,
and Mr. Slette struck the animal lightly with a switch he was
using for a whip.   The horse then plunged violently, and shied
diagonally across the street, and the buggy struck the frame of
the platform scales, breaking the wheel and throwing Mr. Slette
out.   He held to the lines, and was dragged to the railroad track,
where his hold was broken.   The plaintiff was thrown out, and
upon the iron rail.   The knee cap to one knee was split, and she
was otherwise bruised.   Her injuries disabled her for weeks and
resulted in a permanently stiff limb.   From these facts it is
argued that the defect in the street which caused the accident was
the platform scales, and the jury, in answer to an inquiry, in terms,
found that if the scales had not been there the driver would have
recovered control of the horse, without injury to the occupants of
the buggy.   Hence appellants says the proximate cause of the
injury was the scales, but, as the complaint was not leveled against
that obstruction, no recovery can be had.   We doubt if a single
well-considered case can be found to support this position, under
the facts in this case.   None of the cases cited by the learned
counsel establish any such rule.   In *Campbell* v. *City of Stillwater*,
32 Minn. 308, 20 N. W. 320, cited by appellant, the law is thus
stated:   "Where several concurring acts or conditions of things
—one of them the wrongful act or omission of the defendant—
produce the injury, and it would not have been produced but for
such wrongful act or omission, such act or omission is the proxi-
mate cause of the injury, if the injury be one which might reason-

ably be anticipated as a natural consequence of the act or the omission." That decision would make this defendant directly liable, if permitting the engine to remain in the street was the wrongful act or omission of defendant. In *Lowery* v. *Railway Co.*, 99 N. Y. 158, 1 N. E. 608, also cited by appellant, fire was negligently permitted to drop from the engine upon a horse and driver passing below. The horse became frightened, and started to run. The driver intentionally, and for the purpose of stopping the horse, reined him against the curbstone. The driver was thrown out, and the horse ran over and injured the plaintiff. It was held the plaintiff could recover from the railway company. In *Hinckley* v. *Inhabitants of Somerset*, 145 Mass. 326, 14 N. E. 166, the plaintiff, driving a gentle horse, was approaching a bridge. The horse became frightened at an object for which the municipality was not responsible, to-wit, a sailboat in the water, and became momentarily unmanageable, and ran onto a defective wall that guarded the approach. A recovery was allowed. But we need not further discuss the cases cited by appellant. None of them would defeat a recovery in this case. It is true that a wrongful or negligent act or omission is sometimes followed by a result that could not ordinarily or reasonably be expected to flow from the negligent act or omission, and in such cases the negligent act or omission will not support an action for damages arising from such unexpected result. Such was the case of *Scheffer* v. *Railway Co.*, 105 U. S. 249, where a party, by reason of injuries received in a railroad collision, became insane and committed suicide. It was held that the railroad company was not responsible for the death. Likewise, in *Hoag* v. *Railway Co.*, 27 Am. Rep. 653, when a landslide derailed an oil train, and the oil tanks burst, and the oil caught fire, and a stream of water near the track, being unusually swollen, carried the burning oil down stream and set fire to plaintiff's buildings, this was held to be a result that could not reasonably be expected to follow the negligent omission of the engineer to see the landslide. But these cases only served to emphasize and clearly define the

general rule that "when two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate,—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, —the municipality is liable, provided the injury would not have been sustained but for such defect." Shear & R. Neg. (4th Ed.) 346; Elliott, Roads, & S. 451; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Lowery* v. *Railway Co., supra; Lake* v. *Milliken*, 62 Me. 240; *Ricker* v. *Freeman*, 50 N. H. 420; *Forney* v. *Geldmacher*, 75 Mo. 113; *Binford* v. *Johnson*, 82 Ind. 426; *Turner* v. *Buchanan, Id.*, 147; *Pastene* v. *Adams*, 49 Cal. 87. And our statute (Comp. Laws, § 4600) seems to go further, and to make defendant liable for any result which is proximate, though not anticipated.

The question of contributory negligence is urged at great length, but we think no difficult questions are involved. Both plaintiff and Slette saw the engine when they reached Hill avenue. Slette knew the horse would sometimes shy a little at a dead engine, although it was a gentle, quiet horse, that he had driven for several years. Both plaintiff and Slette knew of the platform scales. They might easily have turned north on Hill avenue, and gone east on Fifth street, which runs parallel with Sixth. Under these circumstances, it is claimed that plaintiff voluntarily took the risk, and cannot recover in this case. We do not think this true, even if plaintiff were chargeable with negligence on the part of Slette,—a point to be hereafter considered. Of course, where a person voluntarily places himself in a known place of danger, he is barred from recovery if an injury follows. *Railway Co.* v. *Collins*, 87 Pa. St. 405; *Goldstein* v. *Railway Co.*, 46 Wis. 404. But can it be said that, because a party knows that his horse may shy a little in passing a given object, to pass such object is assuming a known place of danger? The experience of mankind is just the opposite. There are few horses indeed that will not shy at some of the many objects that are constantly met in the streets of a city, yet actual danger therefrom is never apprehended. "The fact that he voluntarily

attempts to pass, with knowledge of the defect or obstruction, is not ordinarily conclusive evidence of a want of due care; but if he has, or ought to have, notice thereof, he must exercise such care as the circumstances demand, and if an ordinarily prudent person would not attempt to pass, under the circumstances, he will be guilty of contributory negligence." Elliott, Roads & S. 470, and cases cited in note 2; Bish. Noncont. Law, § 1013, and cases cited. In *Turnpike Co.* v. *Jackson*, 4, Am. Rep. 274, it is said: "One is not required to forego travel on a highway merely because he knows it to be dangerous, or to show that, in the use of a highway known by him to be dangerous, he used extraordinary care to avoid an injury, for which he seeks to recover damages. But he should be careful in proportion to the danger of which he has knowledge, and may proceed if it be consistent with reasonable prudence to do so; and this will generally be a question for the jury,—whether he used reasonable care,—his knowledge of the defect in the highway being a circumstance to be considered with other circumstances in determining whether he used reasonable care." And see, also, the valuable note to this case. It cannot be claimed, under the evidence and instructions in this case, that the jury were not fully warranted in finding that both plaintiff and Slette were in the exercise of due care, under all the circumstances of the case, in attempting to drive past the engine.

The court charged that the burden of showing contributory negligence was upon defendant, and error is assigned thereon. The charge was proper. *Gram* v. *Railroad Co.*, 1 N. D. 252, 46 N. W. 972, and cases cited. Of course, had plaintiff's evidence conclusively shown negligence on her part, no burden in that direction would have rested upon defendant, and the court should have taken the case from the jury; but what has been said clearly shows that such could not have been the case.

The court instructed the jury as follows: "That even though you find that Gilbert Slette, with whom the plaintiff was riding at the time of the accident, was guilty of negligence, and that such negligence contributed to plaintiff's injury, yet the plaintiff

may recover, provided you do not find that she herself was guilty of negligence in remaining in the buggy and riding past the engine." Error is assigned thereon, but it was clearly right. Few questions have been more discussed in the authorities, or are more familiar to the bar. The case of *Thorogood* v. *Bryan*, 8 C. B.. 115, announced the rule in England, that the negligence of the carrier, contributing to produce the mischief, must be imputed to the plaintiff, to bar a recovery. The courts of this country have, with few exceptions, refused to adopt this rule. It obtains without qualification in Pennsylvania, and in a modified form in Arkansas, Wisconsin, and Kentucky. A full discussion, with copious citations, may be found in Beach, Contrib. Neg. pp. 108-118, and Mr. Beach closes his discussion by saying: "It is reasonably certain that *Thorogood* v. *Bryan* will not be followed in the future in any state in the Union not already committed. Whether it will not ultimately be abandoned in Pennsylvania and the English courts is at least a question." We understand it has been expressly departed from in England, but have not access to the authority to verify the statement. The general American doctrine is to the effect that the negligence of a third person, contributing to the injury, which would not have occurred but for the defendant's negligence, cannot be imputed to the plaintiff, to defeat a recovery, unless such third person was in some manner under the control of plaintiff, or one for whom the plaintiff was responsible. *Town of Albion* v. *Hetrick*, 46 Am. Rep. 233; *Robinson* v. *Railroad Co.*, 66 N. Y. 11; *Bennett* v. *Transportation Co.*, 36 N. J. Law, 225; *Little* v. *Hackett*, 116 U. S. 366, 6 Sup. Ct. 391; *Transfer Co.* v. *Kelley*, 36 Ohio St. 86; *Cuddy* v. *Horn*, 46 Mich. 596, 10 N. W. 32; *Nisbet* v. *Town of Garner*, (Iowa) 39 N. W. 516; *Follman* v. *City of Mankato*, 35 Minn. 522, 29 N. W. 317; *Land Co.* v. *Mingea*, (Ala.) 7 South. 666. In *Town of Knightstown* v. *Musgrove*, (Ind. Sup.) 18 N. E. 452, the law is thus stated in a case that cannot be distinguished from the case at bar: "The negligence of a man who invited plaintiff, a women, to ride with him in his carriage,—the man keeping full

control of the horse, and plaintiff having no reason to doubt his efficiency and care in driving,—cannot be imputed to her, in an action against a town for injuries due to an obstruction negligently left in the street." These cases furnish abundant authority for the instruction as given, when we remember, as the evidence shows, that plaintiff requested Slette to permit her to ride with him to the City of Grafton; that Slette owned the horse and buggy; that he was an ordinarily careful, prudent driver; that plaintiff was in no manner responsible for him; that she exercised no control over him or over the horse. The fact that, at Slette's request, she drove some distance before reaching the city, while he read his mail, in no proper sense gave her any control over the horse.

A group of assignments of error relate to the exclusion of testimony. It seems that there was an exhaust pipe to the engine in the printing office, which, it will be remembered, was on the opposite side of the street, and a little east of the threshing engine. This pipe extended out from the east side of the printing office, and could not be seen by a horse approaching from the west. When the engine in the printing office was in operation, this exhaust pipe emitted a noise not unlike the noise of a threshing engine in operation. Mr. Slette had testified that his horse was more inclined to become frightened at a "live" engine than at a "dead" engine. Therefore defendant sought to show that the engine in the printing room was in operation when the accident occurred, and thus pave the way for an argument to the effect that the horse, seeing the threshing engine, and hearing a noise not unlike that made by such engines in operation, concluded that the engine was alive, and for that reason became frightened at it. The testimony on that point was properly excluded. The offer only went to the extent of showing that the printing engine was in operation an hour before the accident, and a few moments afterwards. The evidence showed that the printing engine was operated when the office had job work, and on the day that the weekly paper printed thereon was issued.

There was no claim made that it was press day for the paper. No jury would have been warranted, from the evidence offered, in finding that the printing engine was in operation when the accident occurred. It would have been a matter of pure speculation. But we may admit the printing engine was in operation at the time of the accident, and that will in no manner relieve defendant. If the association of the noise with the threshing engine was a natural one,—and we are bound to presume it was, on defendant's theory,—then the negligence of the defendant becomes more pronounced. If the surroundings made the threshing engine a more frightful object than it would have been under other surroundings, then the culpability in leaving it on the street, and thus surrounded, was so much the greater. But, if we disconnect the noise and the threshing engine, we then have two causes working together to produce an injury that would not have occurred but for defendant's negligence. When the horse shied, in spite of the driver's efforts to the contrary, it ran away from the engine, and almost directly towards the noise, if we assume the noise existed at the time; making it too clear for question that, if the engine had not been there, the accident would not have happened. The cases already cited clearly show that, where two causes thus unite, the defendant cannot escape liability. Defendant also sought to show by expert testimony that the threshing engine was not an object calculated to frighten horses of ordinary gentleness. The evidence was properly excluded for two reasons: Plaintiff sought to establish the affirmative of this proposition by the same class of testimony. Defendant objected, and the objection was promptly sustained. The city, having invoked the rule, cannot be heard to complain because plaintiff was given the benefit of the same rule.. Abb. Trial, Brief, 54. But the testimony was inadmissable. It was not a case for expert testimony. No special study or preparation was necessary. It was simply a matter of everyday experience and observation. The jurymen must form their own opinions. They could not receive them at second hand. Neither party was

restricted in showing the facts, and on the facts the jury were asked to say whether or not the engine was an object calculated to frighten horses of ordinary gentleness, and by a special finding they declared it was such an object.

We are not warranted in going into details in the examination of the many assignments of error based upon the refusal of the court to give the instructions asked. Defendant presented instructions covering almost every point in the case. None of them were given. We have carefully examined all of them. So far as they correctly state the law applicable to the case, they were fully covered by the instructions given, and the court was not required to repeat them. The others state, in various forms, propositions the converse of which were given, and exceptions taken, which exceptions have already been considered.

The record presents no error prejudicial to defendant, and the judgment is affirmed. All concur.

(65 N. W. Rep. 676.)

NOTE—The rule as to proximate cause in this case is also declared in *Chacey* v. *City of Fargo*, 5 N. D. 173, 64 N. W. Rep. 932.