## SCHLACHTER v. ST. BERNARD'S ROMAN CATHOLIC CHURCH OF HOVEN et al.

The failure to serve and settle a bill of exceptions within the time prescribed by the statute is no ground for dismissing an appeal. The only remedy is a motion to strike the bill of exceptions from the record.

Under Rev. Code Civ. Proc. § 425, providing that, when an application is made to a court· to postpone a trial, the payment of costs occasioned by the postponement may be imposed in the discretion of the court as a condition of granting the same, an order granting a continuance, on condition of the payment of a certain sum as terms to the plaintiff's attorney, and that "in default of such payment the plaintiff shall have judgment as prayed for in the complaint," is void.

Rev. Code Civ. Proc. § 550, providing that, "on denying any motion in whole or in part, the judge in his discretion may impose reasonable costs on the party seeking the motion, to be paid to the opposing party, and that the payment of such costs· may be made by the judge a condition precedent to the further prosecution or defense of the action or proceeding by the moving party," only authorizes the court to make such order when the motion is denied, and has no application when a motion is granted.

Where, in an action for the foreclosure of a mechanic's lien, answers are filed denying the allegations of the complaint, the defendants are entitled to a trial of the issues presented by the pleadings, even though they failed to appear when the case was regularly called for trial, and the court can only give judgment in such case on proof of the facts alleged in the complaint and denied by the answers.

The recitals in the judgment that the plaintiff appeared by his attorney and the defendants by their attorneys at the time the judgment was rendered are controlled by the statement in the bill of exceptions that neither of defendants' counsel were present at the time the motion for judgment was granted, and that an attorney for the defendant appeared at the time fixed for the hearing of the motion at the judge's chambers at the place where the motion stated in the notice would be made.

While the recitals in a judgment are presumptively true, an affirmative showing in the bill of exceptions that they are not true must prevail over the presumption.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Potter County. Hon. LORING E. GAFFY, Judge.

Action by N. J. Schlachter against St. Bernard's Roman Catholic Church of Hoven, Potter county, S. D., and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

*Murtha & O'Keefe,* for appellants.    *S. M. Howard,* for respondent.

CORSON, J.   This is an action by the plaintiff, a lumber merchant in Gettysburg, to foreclose a lien for the balance due him for lumber furnished for the erection of a church, for the corporation of which the defendants are trustees, and the legal title to which property is in Bishop O'Gorman, as trustee.   Judgment was rendered in favor of the plaintiff, and the defendants have appealed.

A motion was made by the respondent to dismiss the appeal on the ground, mainly, that no bill of exceptions was served or settled within the time prescribed by the statute.   The failure, however, to serve and settle a bill of exceptions in a case is no ground for dismissing the appeal, as the appeal may be taken from the judgment alone, and the only motion that could be properly made in such a case would be to strike the bill of exceptions from the record.   Gram v. Northern Pac. Ry. Co., 1 N. D. 252, 46 N. W. 972. The motion to dismiss the appeal is therefore denied.

This brings us to the merits of the case.   The trustees of the church corporation served and filed an answer, and the action was noticed for trial by both parties.   On the case being reached for trial it appeared that Bishop O'Gorman had not filed an answer, although more than 60 days had elapsed since the service of the summons upon him, and the court, upon motion, granted him leave to serve and file an answer forthwith.   Certain proceedings were had in the case, relating to a continuance of the action over the term, and thereupon the court, on March 31, 1904, made and entered the following order: "This cause coming on to be heard at the regular March term of said court, begun and held at Gettysburg, in said county, upon the motion of the defendants for a continuance of this cause, the plaintiff appearing by S. M. Howard, his attorney, and the defendants appearing by Murtha & O'Keefe, their attorneys, and the court having heard the argument of counsel thereupon for both plaintiff and defendants, and being fully advised in the premises, it is hereby ordered that said motion for continuance be, and hereby is, allowed upon the payment of $15 terms to the plaintiff's attorney, and that in default of such payment the plaintiff shall have

judgment as prayed for in the complaint." The terms of the order not having been complied with by the payment of the $15 specified therein, a motion was made to the court for judgment, and upon the hearing of said motion the same was granted, and judgment was entered in favor of the plaintiff, as prayed for in the complaint, by the court at chambers, at Miller, Hand county; said county being one of the counties of the Sixth judicial circuit. It affirmatively appears from the record in this case that no evidence was offered on the part of the plaintiff in support of his claim, but that the judgment was entered upon the motion of the plaintiff's attorney for the reason that the terms imposed by the court's order of March 31, 1904, had not been complied with. Numerous errors are assigned on the part of the defendants, but it is necessary for us to notice only the seventh and fourteenth assignments of error, which read as follows: "(7) The court erred in ordering a continuance on the payment of $15 terms, and providing that in default of such payment, the plaintiff should have judgment as prayed for in the complaint." "(14) The court erred in rendering judgment in this case without a trial."

It is contended by the appellants that the latter part of the order of March 31st, "that in default of such payment the plaintiff shall have judgment as prayed for in the complaint," is not authorized by law, and that the court, in granting a continuance, as provided by section 425, Rev. Code Civ. Proc., which reads as follows: "When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same,"—is only authorized to impose as terms the payment of costs of the party occasioned by the continuance as a condition for granting the postponement. We are inclined to agree with the appellants in their contention. Possibly the court might impose other terms than the payment of costs, but clearly it is not authorized, on failure to comply with the terms imposed, to, in effect, strike out the answers of the defendants, and enter judgment upon motion, without the party having the prescribed eight days' notice of the application for judgment and proof of the facts

alleged in the complaint. Undoubtedly the court has further pow-
er, also, to provide for making as a condition the taking of depo-
sitions of witnesses, and may impose, perhaps, other conditions;
but we are of the opinion that the order was in excess of the court's
power, and is not authorized by the provisions of the Code. Coun-
sel for respondent calls our attention to the latter clause of section
550, Rev. Code Civ. Proc., which provides: "And upon denying
any motion in whole or in part the judge in his discretion may im-
pose reasonable costs upon the party making the motion to be paid
to the opposing party, and the payment of such costs may be made
by the judge a condition precedent to the further prosecution or de-
fense of the action or proceeding by the moving party." This sec-
tion, however, has no application to the case at bar, for the reason,
as will be noticed, that the order authorized to be made by the court
is upon denying the motion. In the case at bar the motion for a
continuance was granted.

The last assignment of error presents a more important ques-
tion. It clearly appears from the record that all of the defendants
had answered, and, as before stated, it affirmatively appears that
judgment was rendered by the court upon motion, and without any
evidence being offered in support of plaintiff's claim as made in
his complaint. This action being one for the foreclosure of a me-
chanic's lien, and answers having been filed denying the allegations
of the complaint, the defendants were entitled to a trial of the is-
sues presented by the pleadings, and they could not be deprived of
that right, even by a failure to appear at the trial when the case
was regularly called for trial, and the court could only give judg-
ment in such case upon proof of the facts alleged in the complaint
and denied by the answers. It is true, as claimed by counsel for
respondent, that the court recites in its judgment that the plaintiff
appeared by his attorney and the defendants by their attorneys at
the time the judgment was rendered. But these recitals are con-
trolled by the statement in the bill of exceptions that neither of de-
fendants' counsel were present at the time the motion for judgment
was granted, and that an attorney for the defendants appeared at
the time fixed for the hearing of the motion at the judge's chambers

in Pierre, at which place the notice stated the motion would be made. But the motion was in fact made and judgment rendered at Miller, in Hand county. While the recitals in a judgment are presumptively true, an affirmative showing in the bill of exceptions that they are not true must prevail over the presumption.

The judgment of the circuit court, and order denying a new trial, are reversed.