JOHNSON *et al.* v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. **Evidence :** TITLE TO HAY MADE ON LEASED LAND. In an action to recover for the burning of hay made on leased land, plaintiff's title to the hay is shown, *prima facie,* when he has shown that he leased the land and made the hay, and was in possession of it at the time it was destroyed. He is not required, in the absence of an adverse claim to the hay, to prove the title of his landlord.

2. **Railroads :** NEGLIGENT FIRES : EVIDENCE OF ORIGIN. Where the evidence showed that after defendant's engines had passed the fires were discovered in the grass, and it was not shown that they could have arisen from any other source, the jury was warranted in finding that they were caused by the engines.

3. ———: ———: EVIDENCE AS TO CONDITION OF ENGINES. When one of defendant's witnesses testified that an engine in good repair could not throw fire the distance from the track to the place the fire caught in the grass, and the fires could have originated from no other source, the jury was warranted in finding that the engines which passed just before the fire were out of repair.

4. ———: ———: CONTRIBUTORY NEGLIGENCE OF PERSON INJURED. The rule that contributory negligence will defeat a recovery for an injury, as recognized by this court, does not, under section 1289 of the Code, apply to a person injured by a fire set out in the operation of a railroad. (See *West v. Railway Co., ante,* p. 654.)

5. **Damages :** FOR DESTRUCTION OF PERSONAL PROPERTY. The meas·
ure of damages for the negligent destruction of personal property
is the value of the property at the time of destruction, with interest
at six per cent. per annum to the date of judgment. (*Brentner v.
Railway Co.*, 68 Iowa, 530, *distinguished.*)

*Appeal from Sac District Court.*—HON. J. P. CONNER,
Judge.

FILED, MAY 24, 1889.

ACTION to recover for hay burned by fires set out
by engines operated upon defendant's railroad. There
was a judgment upon a verdict for plaintiffs. Defendant
appeals.

*Hubbard & Dawley*, for appellant.

*R. M. Hunter*, for appellees.

BECK, J.—I.  Counsel for defendant insist that the
plaintiffs failed upon the trial to show that they owned
the hay for the burning of which the action is
brought, and that an instruction to the jury
asked by defendant, directing a verdict on
that ground, ought to have been given.  We think the
instruction was rightly refused.  The testimony tends
to show that plaintiffs had leased the land from one who
they understood was the owner, and had cut and stacked
the hay thereon.  The land was unbroken prairie, but
was wholly or partly fenced.  The persons of whom
the plaintiffs leased had other tenants on the same tract.
There is no evidence of any kind tending to show that
any other persons besides plaintiffs held or set up title,
or claimed title, or the right of possession to the land.
Surely, this evidence showed *prima facie* plaintiffs' title
to the hay.  They were in possession of the land under
claim of right, and were in the possession of the hay
when it was burned.  This, in the law, is *prima-facie* evi-
dence of ownership of the hay.  It would surely be
a harsh and unheard-of rule to require a tenant, seeking

1. EVIDENCE: title to hay made on leased land.

to recover the value of the products of the land he leases, in the absence of any adverse claim thereto, to establish the title of his landlord. This is just what counsel insist upon in this case.

II. It is next insisted that there was no evidence tending to show that the hay was destroyed by fires

2. RAILROADS: negligent fires: evidence of origin.

escaping from engines used on defendant's road. The evidence shows that soon after the engines had passed, the fires were discovered. It is not shown that the fires could have possibly originated from any other source than from engines on defendant's road. In view of these facts, it cannot be said that there was no evidence from which the jury could rightly infer that the defendant's engines set out the fires.

III. Counsel for defendant maintain that there is an utter failure of proof that the defendant's engines,

3. ——: ——: evidence as to condition of engines.

said to have set out the fire, were negligently handled or were not in good repair and condition. In reply to this position it need only be said that one of defendant's witnesses, a locomotive engineer who was in charge of one of the engines from which it is claimed the fire escaped, testified that an engine in good repair could not throw fire the distance from the track to the place the fire caught in the grass. As has been said, the fires could have originated from no other source. The jury were authorized to infer from this evidence that the engines were not in good repair.

IV. Counsel for defendant urge that plaintiffs ought not to recover in the action, for the reason that

4. ——: ——: contributory negligence of person injured.

their own negligence contributed to the injury. We have recently decided that, under the statute (Code, sec. 1289) making railroad corporations liable in cases of this character, the rule of contributory negligence recognized by this court does not apply. See *West v. Railway Co.*, *ante*, p. 654. That case was pending about the time the one now before us was submitted for decision, and the arguments therein were referred to by counsel in this

case. We have discovered no grounds for changing our conclusions upon the question.

V. The district court directed the jury that, to determine the damages which plaintiffs are entitled to recover, they should add to the value of the hay, at the time it was destroyed, six per cent. per annum interest, and the sum should be the amount of their verdict.

5. DAMAGES: for destruction of personal property.

Counsel for defendant object to the instruction, so far as it allows interest to be added. We think it is a correct and just rule for determining the measure of damages in cases of this character. The object of the law in awarding damages is to render to the injured party just and full compensation. The defendant was deprived of his property by the fire. He was entitled at that moment to recover its value. He ought to have the legal interest for the time compensation was withheld from him. When personal property is destroyed, the measure of damages is fixed by this rule. See Field, Dam., p. 619, sec. 781 and note. *Brentner v. Railway Co.*, 68 Iowa, 530, is not in conflict with our conclusion on this branch of the case. The statute under which that action was prosecuted fixed the measure of damages. It was therefore rightly held that these damages could not be increased by adding interest thereto. The foregoing discussion disposes of all questions in the case argued by counsel. The judgment of the district court is

AFFIRMED.