STATE, Respondent, v. LAYMON, Appellant.

(167 N. W. 402.)

(File No. 4214.   Opinion filed May 1, 1918.)

1. **Intoxicating Liquors—Sale by Pharmacist—Information, Duplicity In—"Sell and Give"—Statute.**

   An information charging that defendant did "sell and give" intoxicating liquors to the person named therein, does not charge two separate offenses under Pol. Code, Sec. 2860, as amended by Laws 1907, Ch. 176, making it an offense to "sell" or "give," etc.; and the information is not bad for duplicity.

2. **Same—Sale by Pharmacist—Sale Regardless of Permit, Sale Not on Prescription—Two Offenses in Same Section—Different Penalties—Statute Construed.**

   Rev. Pol. Code 1903, Sec. 2860, as amended by Laws 1907 Ch. 176, defines two separate offenses; in the first provision, sale as a beverage, regardless of granting permit, and providing punishment for violation of "this section" by fine of not less than $100 nor more than $300; in the second, sale in any precinct, etc., that has voted against issuance of permits, except upon prescription, to be punished for violation of provisions in "this section" by fine not exceeding $100, or imprisonment, or both, etc.   Held, that in view of the different penalties thus prescribed, the Legislature meant that the penalty prescribed in the first provision shall apply only to the offense defined in that provision, which is also true of the penalty prescribed in the second provision; that by interpolating into each provision, before the words "this section," the words "this provision of," such interpretation harmonizes the various provisions and expresses such legislative intent.

3. **Same—Information, Whether Charging Sale Regardless of Permit, or Except on Prescription—Two Offenses Under Same Section—Theory of Evidence and Trial, Effect—Conviction, Whether Supported.**

   Under an information containing all elements of the offense defined in the first part of Sec. 2860, Pol. Code, as amended by Laws 1907, Ch. 176, making it unlawful and prescribing a specified penalty for selling intoxicating liquors as a beverage, regardless of granting permits, while containing no element not common to this and the offense defined by a second provision in said section, held, that, all the state's evidence having been aimed at the offense defined in the first provision, and the penalty imposed by trial court being that prescribed for the first named offense, trial having been had on the theory by both parties that the information charged that offense, and defendant not claiming that it charged the second offense

under said section, viz., that of selling in a precinct, etc., that has not voted against issuance of permits, except upon prescription, or that he was misled, etc., a conviction under the first provision was non-prejudicial.

4. Trials—Challenges For Bias Overruled, Peremptory Exercised— No Other Challengeable Jurors, Effect—Error, Whether Reversible.

Where, at beginning of trial, certain veniremen were challenged by defendant for actual bias, the challenges being overruled, and to avoid being tried by jurors he deemed disqualified, he was obliged to and did exercise a peremptory challenge upon each of said veniremen, held, that while if those veniremen were in fact so disqualied, it was error to overrule the challenges, it does not follow that it was reversible error, since the error, if any, was in compelling exercise of peremptory challenges upon veniremen who should have been excused for cause, and defendant was not injured thereby, unless it appears that there were other members of the panel upon whom he wished to exercise peremptory challenges, or would have done so had he not been compelled to exhaust such challenges upon veniremen he deemed disqualified. But as no such situation appears, nor that he preferred any other veniremen to any one who served as juror, nor that he was prejudiced by the error complained of, it was not reversible.

5. Evidence—Witness, Impeachment of Own by Cross-Examination—Unwilling, Hostile, Prevaricating, Witness, as Exception to Rule.

While the rule that one may not cross-examine or impeach his own witness is well established, yet, where he is unwilling to testify, or hostile to the party calling him, and it is apparent he is not telling, or is concealing, the truth, or his testimony is contrary to statements as to facts, made by him before coming to the stand, or to what he led such party to believe it would be, it then is within province of trial court to permit such party to cross-examine, or even impeach him; the case for such method of proceeding being determinable in exercise of sound judicial discretion; and unless appearing to have been abused, such discretion will not be disturbed on appeal. So held, in approving such cross-examination of witnesses called by state in a prosecution for unlawful sale of liquor, who testified that liquor purchased by them was for medicinal purposes, and not for use as beverages; their attention being called to previous affidavits by them in "John Doe" proceedings, claimed to contain differing statements, to refresh their memory, and to test the truth of their statements on the stand; state's attorney being allowed to cross-examine relative to conflicting statemens.

**6. Evidence—Intoxicating Liquor—Sales Other Than Charged, Investigation of Premises, Evidence, Whether Error—Rule, Exception.**

While, in trial of criminal charge, evidence of independent offenses other than that charged is inadmissible, an exception to this rule exists where criminal intent must be inferred from facts or circumstances other than the act charged; and as sale of intoxicating liquor at time in question was legal under some circumstances, and unlawfulness of sale depended on intent of accused, it is competent to receive evidence of sales to others not mentioned in information, at or about that time, and to show presence on defendant's premises of intoxicating liquors in quantities far greater than were probably needed for lawful sales, for purpose of showing he was making a practice of making illegal sales.

**7. Same—Selling Liquors—Purchaser's Testimony—"Rotgut" For "Medicinal Purposes"—Bad Stomach "Benefited"—Heavy Drink—Sufficiency of Evidence.**

Where the only evidence in substance tending to prove charge of unlawful sale of liquor, was that of a purchaser who testified he called for a "quarter's worth of rotgut;" that defendant said "you want it for medical purposes," or something like that, but, on cross-examination, said he did not remember whether such question was asked, that defendant gave him a four-or-five ounce bottle of whiskey, that he used it for a bad feeling stomach and it benefited him, did not like whiskey and did not buy nor drink it as beverage, and could not get whiskey from defendant except for medical purposes; but the evidence showed he drank contents of bottle within two or three hours; a verdict of guilty should be allowed to stand against contention of insufficiency of evidence; this evidence being the best of which the case, on trial, was susceptible; guilty knowledge that improper use is to be made of the liquor, not the act of making the sale, constituting gravamen of the offense; and jury might consider all surrounding circumstances; and it not appearing from purchaser's appearance that he was sick or needed medical assistance.

Appeal from Circuit Court, Kingsbury County. Hon. ALVA E. TAYLOR, Judge.

The defendant, Clare S. Laymon, was convicted of the crime of selling intoxicating liquor to be used as a beverage, and he appeals. Affirmed.

*Hall, Alexander & Purdy,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, Appellant cited: Bishop 1 New Criminal Procedure, Sec. 587; State v. Pischel. (Neb.) 20 N. W. 848; State v. Mudie, 22 S. D. 41, 115 N. W. 107.

Respondent cited: State v. Bradley, 15 S. D. 148, 87 N. W. 950; 23 Cyc. 218, note 99.

(2) To point two of the opinion, Appellant cited: 23 Cyc. 220; Baer v. Commonwealth, 10 Bush. (Ky.) 8; Bode v. State, 7 Gill (Md.) 326.

(4) To point four of the opinion, Appellant cited: 24 Cyc. 326; People v. Casey, 96 N. Y. 116.

(5) To point five of the opinion, Appellant cited: State v. Callahan, 18 S. D. 150, 99 N. W. 1099; 5 Jones on Evidence, Sec. 853, Pages 237, 252; Putnam v. United States, 162 U. S. 687, 40 L. Ed. 1118.

Respondent cited: Jones on Evidence, 2nd Ed., section 854, page 1090; State v. Tall, 43 Minn. 273, 45 N. W. 449; George v. Triplett, 5 N. D. 50, 63 N. W. 891; Bullard v. Pearsall, 53 N. Y. 230.

(6) To point six of the opinion, Appellant cited: State v. Morton, (S. D.) 162 N. W. 155; 1 Jones Commentaries on Evidence, Sec. 143, page 720; Prof. Wigmore, 1 Evidence, Sec. 305, page 399; State v. LaMont, 23 S. D. 174, 120 N. W. 1104.

Respondent cited: State v. Fullwider, 28 S. D. 622; 3 Russell on Crimes, p. 288; 3 Rice Cr. Evi. pp. 210-11; Wharton Crim. Evi. 31; 1 Woolen & Thornton Intox. Liq., Secs. 505, 930.

POLLEY, J. Defendant, a registered pharmacist conducting a drug store in the town of Hetland, was convicted of selling intoxicating liquor to be used as a beverage, and from a judgment imposing a fine of $200 he appeals.

[1] It is first contended by appellant that the information on which he was tried charges two separate offenses under the statute, and that therefore said information is bad for duplicity. This contention is based upon the fact that the said information charges that, at a specified time and place, defendant did "sell" and "give" intoxicating liquor to the person named in said information, while the statute (section 2860, Pol. Code, as amended by chapter 176, Laws of 1907) under which the information is drawn makes it an offense to "sell" or "give," etc. This con-

tention is so fully answered by what is said by this court in State v. Bradley, 15 S. D. 148, 87 N. W. 590, that further discussion of the proposition is wholly unnecessary.

[2]   It is next contended by appellant that the information is insufficient to support a conviction. This contention grows out of a confusion of terms used in section 2860, Revised Political Code of 1903, as amended by chapter 176, Laws of 1907. This section, as amended, defines two separate and distinct offenses, and attempts to provide a different penalty for each offense. The first provision, in general terms, makes it unlawful for a registered pharmacist to sell intoxicating liquors to be used as a beverage, without regard to the granting of permits to sell the same, and provides that any pharmacist who sells intoxicating liquor in violation of the provisions of "this section" shall be punished by a fine of not less than $100 nor more than $300, etc. The next provision of said section makes it unlawful for a registered pharmacist to sell intoxicating liquors in any precinct, town, or city that has voted against the issuing of permits to sell intoxicating liquors, except upon a prescription of a licensed resident physician, and provides that any pharmacist who violates the provisions of "this section" shall be punished by a fine of not to exceed $100, or imprisonment, or both, etc. Thus, if read literally, the penalty provided by either provision of the section applies equally to the offense defined in the other provision. But such an interpretation would, of course, be preposterous. The penalties imposed for the different offenses are radically different. It is very clear that the Legislature meant that the penalty prescribed in the first provision of the statute shall apply to the offense defined in that provision, and that offense only. And the same is true of the penalty prescribed in the second provision. If before the words "this section," in each place where they are used, the words "this provision of" were inserted, the meaning of the Legislature would be clear. Thus, by interpollating into each provision before the words "this section" the phrase "this provision of" so that it would read "this provision of this section," there would be no confusion, and the very evident intent of the Legislature would be clearly expressed. This interpretation harmonizes the various provisions of the said section, and, in our opinion, expresses the intent of the Legislature.

[3]   Applying the statute as thus interpreted to this case, we find that the information has been drawn under the first of the above enumerated provisions of the said section. The information contains all the elements of this offense, and it contains no element, not common to both offenses, constituting the offense defined by the second provision of the statute. All the evidence on behalf of the state was aimed at the offense defined by the first provision. The penalty imposed by the court is the penalty prescribed for the first-named offense, and is one that could not be imposed for the other. The case was tried by both the state and the appellant on the theory that appellant was charged with the commission of the offense defined in the first provision of the law. No claim is made by appellant that the information charges the offense defined in the second provision, or that he was misled or unable to prepare his defense, and we are fully satisfied that his rights were in no wise prejudiced.

[4]   At the beginning of the trial, certain of the veniremen on the panel were challenged by appellant for actual bias, appellant contending that it clearly appeared from the examination of these veniremen on their voir dire that two of them had fixed opinions relating to the guilt or innocense of the appellant and that another was so biased and prejudiced against appellant that he was clearly disqualified to act as a juror in the case. But these challenges were overruled, and, to avoid being tried by jurors whom he considered disqualified to act in the case, appellant was obliged to and did exercise a peremptory challenge upon each of such veniremen. Appellant contends that the ruling of the trial court in denying his said challenges for cause constituted reversible error. If the said veniremen were in fact disqualified because of actual bias, it was error, of course, on the part of the trial court to overrule the said challenges, but it does not necessarily follow that such error is reversible. Each of said veniremen was excused by appellant on peremptory challenge, and the real error, if there was error, consisted in compelling the appellant to exercise his peremptory challenges upon veniremen who should have been excused for cause. It is not necessary to determine whether the said veniremen were disqualified to act as jurors or not, because, not having served upon the jury, of course the appellant was not injured by the overruling of his challenges

nor by being compelled to exercise his peremptory challenges upon said veniremen, unless it appears that there were other members of the panel upon whom he wished to exercise his peremptory challenges, or upon whom he would have exercised his peremptory challenges had he not been compelled to exhaust such challenges upon the veniremen whom he considered were disqualified to act in the case. But appellant does not contend that there was any one on the jury whom he wished to exercise a peremptory challenge, or upon whom he would have exercised such challenge had he been permitted to do so, nor that there was any one on the jury to whom he had any objection, nor that he preferred any other member of the panel to any one who served as a juror, nor that he was in any wise prejudiced by the errors complained of. So far as appears from the record, the personnel of the jury was exactly the same as it would have been had appellant's challenges for cause been allowed by the court. This being the case, under the well-established rule of this court, such error is not reversible.

[5] It is contended by appellant that the trial court permitted the state to cross-examine and in part to impeach its own witnesses. That in so doing the well-established rule that a party cannot cross-examine or impeach his own witnesses was violated, and that appellant's rights were prejudiced thereby. There is no doubt that the rule is correctly stated by appellant, but it is not an invariable rule to be adhered to in all cases and under all circumstances. Where a witness is unwilling to testify or is hostile to the party calling him to the stand, and it is apparent that he is not telling the ruth or is concealing the truth, or where his testimony is contrary to statements, purporting to be facts, made by him before he went upon the stand, or is contrary to what he has led the party placing him upon the stand to believe it would be, then, in order to ascertain the truth, it is within the province of the trial court to permit the party placing such witness upon the stand to cross-examine such witness, or even to impeach him. But what constitutes a proper case for proceeding in this manner is to be determined by the trial court in the exercise of sound judicial discretion, and, unless it appears that such discretion has been abused by the trial court, the course pursued by it will not be disturbed by this court. In this

case, the witnesses were called to the stand to prove that appellant had been making a practice of selling intoxicating liquor in violation of law. Each testified that he had made purchases himself, but in each case testified that the liquor so purchased by him had been purchased for medicinal purposes, and not to be used as a beverage. It appeared that some time before the trial certain proceedings, known as "John Doe" proceedings, had been had, wherein these same witnesses had been examined and had sworn to certain statements relative to sales of intoxicating liquor made by appellant. It was claimed by the state's attorney that the testimony of these witnesses while on the stand differed materially from statements made by them in the said affidavits; and, for the purpose of refreshing the recollection of such witnesses and testing the truth of their testimony, their attention was called to said affidavits, and the state's attorney was permitted to cross-examine them relative to the conflicting statements so made. We believe the facts as above shown bring the case within the exception to the well-established rule, and that there was no abuse of discretion by the trial court in permitting such cross-examination.

[6] At the trial the court, over appellant's objection, permitted the prosecution to show that, prior to and about the time of the sale upon which this prosecution is based, appellant had made sales of intoxicating liquor that the state claims were illegal, to a considerable number of parties other than the party named in the information, and also permitted the state to show that an investigation of appellant's premises, about the time of the said sale, disclosed the presence of intoxicating liquors of various kinds, in quantities far greater than would have been carried, or could probably have been sold, for lawful purposes. The admission of this evidence, appellant contends, constitutes reversible error.

The rule is well established that, in a trial upon a criminal charge, evidence of independent offenses other than that charged in the information is not admissible, but there is an exception to this rule in cases where the criminal intent must be inferred from facts or circumstances other than the act constituting the offense charged in the information. In most criminal cases, such as larceny or forgery, for instance, the criminal intent may be

inferred, from the act constituting the offense. But inasmuch as the sale of intoxicating liquor at that time was legal under some circumstances and whether such sale was unlawful in any given case depended upon the intent of the accused party at the time of the sale, it is competent for the court to receive evidence tending to show that defendant was making a practice of selling intoxicating liquors illegally, and that he had in his possession intoxicating liquors in greater quantities than could probably be disposed of for legal purposes, and there was no error in the admission of the evidence complained of.

[7] It is further contended by appellant that the evidence is not sufficient to support the verdict. The only evidence tending to prove the sale charged in the information is the testimony of the purchaser. He testified that, upon the occasion in question, he went into appellant's store and asked for a "quarter's worth of rotgut"; that something was said about what he wanted it for; that defendant said, "'You want it for medicinal purposes?' or something like that." But, on cross-examination he said that he did not remember whether defendant asked him if it was for medical purposes or not; that defendant gave him a small bottle of whiskey, about four or five ounces. He also testified that he was bothered with a stomach trouble at the time of such purchase, a bad feeling in his stomach; that he used the whiskey for such trouble, and that it benefited him. He said he did not like whiskey, and that he did not buy it to use as a beverage, and that he did not drink it merely as a beverage. He also testified that he never bought whiskey except for medical purposes, and that he could not get whiskey from defendant for other than medical purposes, but the evidence shows that he drank all there was in the bottle within two or three hours after he purchased it.

This is all of the direct evidence, and it is contended by appellant that such evidence tends to support his theory rather than that of the state. With this contention we cannot agree. The evidence is the best, in the absence of a plea of guilty, of which the case is susceptible. It must be borne in mind that it is the guilty knowledge that an improper use is to be made of the intoxicating liquor in question, and not the act of making the sale, that constitutes the gravamen of the offense; and, in arriving at a

conclusion, the jury was warranted in taking into consideration all the circumstances surrounding the transaction. In this connection the conduct of the purchaser at the time of the purchase is of importance. The fact that he asked for a "quarter's worth of rotgut" may have indicated to the jury that he was not acting in good faith when he said he wanted the whiskey for medicinal use. There does not appear to have been anything about the urchaser's appearance indicating that he was sick or in need of medicinal assistance. The fact that appellant took no steps to ascertain that the purchaser wanted it for medicinal purposes other than the remark, "You want it for medicinal purposes?" if indeed he said that much, is a significant circumstance. The further fact that the purchaser consumed the entire contents of the bottle, though it may not have exceeded four or five ounces, within a couple of hours after he purchased it tends to impeach his testimony to the effect that he wanted the whiskey for medicinal purposes. These are all matters that were properly taken into consideration by the jury, and, if from these facts and all the circumstances surrounding the case, the jury were convinced of appellant's guilt, the verdict should be allowed to stand.

The judgment and order appealed from are affirmed.