## NELSON, Respondent, v. CHICAGO, B. & Q. RY. CO., Appellant.

### (197 N. W. 288.)

(File No. 5233.   Opinion filed February 25, 1924.)

1. **Railroads—Evidence—Presumptions — Fire Breaking Out After Passing of Train Presumed Caused by Locomotive.**

    The fact that a fire started along a right of way of railroad shortly after the passing of a train raises a presumption that it was caused by the railroad's locomotive, and, in the absence of evidence of any other fire-producing agency, such a showing constitutes a prima facie case against the railroad for resulting damages.

2. **Railroads—Proximate Cause—Evidence—Negligence — Origin of Fire Held for Jury.**

    Evidence held to raise a question for the jury as to whether a fire along a right of way, started shortly after the passing of a train, was caused by an oil-burning locomotive in use on the train.

3. **Appeal and Error — Constitutional Law — Constitutionality of Statute Not Determined, in Absence of Argument.**

    In view of the rule that courts are bound to sustain the validity of a legislative enactment unless it appears invalid beyond a reasonable doubt, where the alleged invalidity of a statute has not been argued on appeal and is not apparent on its face, the court will not decide or discuss the question.

4. **Witnesses—Adverse Witness—Trial—Permitting Impeachment of Own Witness Held Not Error.**

    Where a witness has made a written statement and subsequently testifies contrary thereto, it is not error to permit counsel to cross examine and in effect impeach such witness, though called by him.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

Action by Victor E. Nelson against the Chicago, Burlington & Quincy Railroad Company. Judgment for plaintiff, and defendant appeals from judgment and order denying new trial. Affirmed.

*Byron Clark,* of Omaha, Neb., *E. B. Adams,* of Hot Springs, and *J. W. Weingarten,* of Omaha, Neb., for Appellant.

*Helm & Lewis,* of Hot Springs, for Respondent.

(1) To point one of the opinion, Appellant cited: Kelsey v. C. & N. W. Ry. Co., 1 S. D. 80; Cronk v. C. M. & St. P. Ry. Co., 3 S. D. 93; White v. C. M. & St. P. Ry. Co., 1 S. D. 326; McTavish v. Great Northern Railday Co., 8 N. D. 333, 79 N. W. 443; Smith v. Northern Pacific Ry. Co., 3 N. D. 317, 53 N. W. 173; Woodward v. C. M. & St. P. Ry. Co., 145 Fed. 557.

Respondent cited: Kelsey v. Railway Co., 1 S. D. 80, 45 N. W. 204; Meier & Lockwood v. Dakota Live Stock & Investment Co., 46 S. D. 397, 193 N. W. 138; Gram v. N. P. Railroad Co. (N. D.), 45 N. W. 971; Karsten v. Railroad Co., 29 Minn. 12, 11 N. W. 122; Babcock v. Canadian Northern Railroad Co. (Minn.), 136 N. W. 275; Johnson v. C. & N. W. Ry. Co. (Ia.), 42 N. W. 512.

(2) To point two, Respondent cited: Davis v. C. & J. Michel Brewing Co. (S. D.), 140 N. W. 694.

GATES, J.  Plaintiff recovered judgment against defendant for the value of grass, alfalfa, and hay alleged to have been burned by defendant's locomtive engine. This appeal is from the judgment and order denying new trial.

The evidence tended to show that shortly after appellant's west-bound train from Hot Springs to Minnekahta went past respondent's land on the morning of October 4, 1921, smoke was seen arising from or near the right of way. It was seen by several persons, all of whom were some distance away. When the witnesses came to the burned tract it was discovered that quite a large area had been burned outside the right of way and within the right of way. From the direction of the wind and the appearance of the burned area it appeared that the fire had started on the right of ay near the track and had burned from west to east about 30 to 40 rods on the right of way and had then spread out on respondent's land. Appellant's train had been proceeding upon an upgrade and the apparent point of origin of the fire was near the apex of the grade. It also appeared that dry grass and weeds had accumulated on the right of way and between the rails, and that in places along the track were what the witnesses called large "gobs" of oil.

The evidence on the part of appellant tended to show that the locomotive was an oil burner of the latest approved type, in good working order and carefully handled, and that it was impossible for it to have started the fire. However, appellant's master mechanic testified:

"In sanding an engine some of the lighter particles will go through, but I wouldn't say that it come out red hot. I never saw sand come out at night, of the flues in a shower of sparks. * * * I have never seen red hot sand pass out of the smokestack. I have at times seen small particles of very fine soot, which had the appearance of being ignited, that appeared to be lit a very short time, practically no time at all, and then they would disappear over the stack and be extinguished."

The section foreman also testified that three fires of unexplained origin had started on the right of way during the last 2½ years. No evidence was produced at the trial tending to show the existence of any fire-producing agency, other than the locomotive, that could have been responsible for the fire.

[1] It is the contention of appellant that the evidence on its behalf completely refutes the presumption that its locomotive caused the fire arising from the fact that the fire was shown to have started shortly after the passing of the train; that the evidence is wholly insufficient to sustain the verdict; that the court erred in this behalf in its instructions and in its refusal to direct a verdict for appellant.

The fact that the fire started shortly after the passing of the train raised a presumption that it was caused by appellant's locomotive, and, there being no evidence of any other fire-producing agency that could have caused the fire, a prima facie case was made for plaintiff. Kelsey v. C. & N. W. Ry. Co., 1 S. D. 80, 45 N. W. 204; Yankton Fire Ins. Co. v. F. E. & M. V. R. Co., 7 S. D. 428, 64 N. W. 514; Gram v. N. P. R. Co., 1 N. D. 252, 46 N. W. 972; McGilvra v. Minn., St. P. & S. S. M. Ry. Co., 35 N. D. 275, 159 N. W. 854; Karsen v. M. & St. P. Ry. Co., 29 Minn. 12, 11 N. W. 122; Dean v. C., M. & St. P. Ry. Co., 39 Minn. 413, 40 N. W. 270, 12 Am. St. Rep. 659; Babcock v. Canadian Northern Ry. Co., 117 Minn. 434, 136 N. W. 275, Ann. Cas. 1913D, 924; Farrell v. Minn. & R. R. Ry. Co., 121 Minn. 357, 141 N. W. 491, 45 L. R. A. (N. S.) 215; Johnson v. C. & N. W.

Ry. Co., 77 Iowa 666, 42 N. W. 512; Black v. Minn. & St. L. Ry. Co., 122 Iowa 32, 96 N. W. 984; Meier & Lockwood Co. v. Dak. L. S. & Inv. Co., 46 S. D. 397, 193 N. W. 138.

[2] While the evidence on the part of the appellant tended to refute the possibility that the fire could have been started by appellant's oil-burning locomotive, yet the credibility of the witnesses and the weight of the evidence were matters for the jury, and not the court, to pass upon. In Great Northern Ry. Co. v. Coats (8th Circuit), 115 Fed. 452, 53 C. C. A. 382, the court said:

"This presumption could only be overcome by testimony, and, unless we apply to this class of cases a rule different from that which is applied in other cases, it was the province of the jury to determine the weight that should be accorded to the testimony which was introduced for that purpose, and also to determine the credibility of the witnesses who testified on that subject. * * * We refer to this testimony, and the contentions made with reference thereto, mainly for the purpose of saying that in the light thereof the trial judge was not bound to decide, as a matter of law, that the trainmen had told the truth, that the engine was skillfully handled on the occasion of the fire, and that no negligence could be imputed to the defendant company in that respect. This was a question for the jury to determine in the light of all the circumstances of the case."

It is therefore not within our province to say that error was committed by the trial court in refusing to direct the verdict for appellant, nor that the court erred in its instructions or in its refusal to instruct upon this point, nor that the evidence is not sufficient to sustain the verdict.

[3] The statute upon this subject is section 9705, Rev. Code 1919, which reads as follows:

"Each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated, directly or indirectly, by locomotive engines in use upon the railroad owned or operated by such railroad corporation, or by the burning of grass, weeds or rubbish on the right of way by employes of such corporation, and each of such railroad corporations shall have an insurable interest in the property upon the route of the railroad owned or operated by it and may procure

insurance thereon on its own behalf for its protection against such damages."

It is asserted that this statute takes negligence out of the case, and that it makes the railway an insurer against fires caused by its locomotives. We think such was clearly the legislative intent. The latter part of the statute, which creates an insurable interest in the railway company in property along its right of way, emphasizes such intent. It is further asserted by appellant that the statute so construed is unconstitutional:

"Because it denies the defendant the equal protection of the law, and is class legislation, and takes defendant's property without due process of law."

Appellant has not argued the question, but has contented itself with merely stating the point. On this state of the record, and in view of the rule that courts are bound to sustain the validity of a legislative enactment unless beyond a reasonable doubt it appears to be invalid, we do not feel called upon to discuss or decide the question. John Morrell & Co. v. American Railway Express Co., 45 S. D. 399, 187 N. W. 724.

[4] It is urged that the trial court erred in permitting respondent to cross-examine and in effect impeach a witness called by him. The situation was within the exception to the general rule that a party cannot impeach his own witness. The witness had made a written statement contrary to his testimony. Counsel were clearly taken by surprise. What was said by the court in State v. Layman, 40 S. D. 381, 167 N. W. 402, applies to this case, and no further consideration of the alleged error need be given. The remaining alleged errors have been considered, but noting of a prejudicial nature is shown, even if there was error.

The judgment and order appealed from are affirmed.

Note.—Reported in 197 N. W. 288. See, Headnote, American Key-Numbered Digest, (1) Railroads, Key-No. 482(2), 33 Cyc. 1367; (2) Railroads, Key-No. 484(3), 33 Cyc. 1395; (3) Appeal and Error, Key-No. 840(3), 4 C. J. Sec. 3057; (4) Witnesses, Key-No. 380(5), 40 Cyc. 2560.