No. 25,422.

THE STATE OF KANSAS, *Appellee*, v. TONY SMARSH, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR LAW—*Sales—Maintaining Nuisance—Conviction—No Error in Record —Appeal Groundless.* The proceedings in a liquor case considered, and *held,* the appeal is groundless.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed December 6, 1924. Affirmed.

*John W. Adams, William J. Wertz,* and *George L. Adams,* all of Wichita, for the appellant.

*C. B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *H. C. Castor,* and *John W. Wood,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant appeals from conviction on an information charging in three counts possession of intoxicating liquor, sale of intoxicating liquor, and keeping a liquor nuisance.

A motion to quash asserted the information was not verified as required by law. The motion was denied, and later, when the case was called for trial, an objection was made to the introduction of evidence on the ground the information was not properly verified. The court then permitted the county attorney to verify the information. Defendant says he should have been granted a continuance, but was compelled to go to trial over his objection, after he had been led to believe he would have ample time to prepare for trial. The facts are, defendant asked for no continuance, made no objection whatever to going on with the trial after the information was amended, and consented that the information might be treated as amended instanter, the amendment in fact to be made later.

A girl was interrogated by the county attorney, and on the day the information was filed made the following affidavit:

"JULY 16, 1923.

*"To whom it may concern:* I, Fern De Haven, age fifteen years old, of my own free will and accord do hereby state that on the 14th day of July I was in company with H. G. Dahmer, E. C. Clark and J. T. Breth. We went to the Tony Smarsh farmhouse in two cars, and Mr. T. J. Breth went in and brought out one gallon of liquor while the rest of us waited outside. I have been to Tony Smarsh's farmhouse on other occasions with young men and girls and got liquor."

The State v. Smarsh.

She was called as a witness for the state, and to the county attorney's surprise she gave testimony contradicting her statements to him and her affidavit with respect to certain facts, equivocated with respect to others, and suffered a lapse of memory with respect to others. The county attorney, with permission of the court, resorted to the usual method of dealing with such cases, a method which must be employed unless courts are to be flouted. The court took care to instruct the jury at the time concerning the limited purpose for which cross-examination and impeachment were permitted, as well as in the formal instructions given when the case was submitted. Fifteen pages of defendant's brief are consumed in demonstrating that, as a general rule, a party may not impeach his own witness.

The court instructed the jury that such liquids as wine, whisky, alcohol, and corn whisky, being generally and popularly known as intoxicating liquors, are presumed to be intoxicating, and if defendant denied they possessed that quality it devolved upon him to remove the presumption by evidence. Six pages of defendant's brief are devoted to demonstrating that burden of proof as to all essentials of guilt rests upon the state, and not upon the defendant.

J. F. Breth testified he asked defendant if defendant had anything to drink, and defendant said he was not selling anything. Breth also testified, with great positiveness, he did not buy anything of defendant, and did not pay defendant for anything. Therefore, defendant says there was no evidence to prove a sale to Breth. This is what happened: After telling Breth he was not selling anything, defendant told Breth he would probably find something down at the Twenty-first street road, by a cottonwood tree, lying beside the road. Breth went there, and got a gallon of wine and a quart of whisky. About two weeks later defendant went to Breth, said he had a man whom he wanted to pay off, and borrowed three dollars of Breth, which at the time of trial had not been repaid.

The foregoing are samples of the assignments of error, twelve in number.

The court has no means of protecting itself against groundless appeals. It is not obliged, however, to dignify a case presenting no assignment of error raising a question about which there is any substantial doubt, by giving it the formal treatment accorded to causes of merit.

The judgment of the district court is affirmed.