No. 30,708.

THE STATE OF KANSAS, *Appellee,* v. BERT COLE, *Appellant.*

(15 P. 2d 452.)

Opinion filed November 5, 1932.

*Carroll Walker,* of Frankfort, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *W. H. Higgins,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a liquor prosecution. Defendant was convicted of maintaining a nuisance. He appeals.

The first error of which appellant complains is that his motion for a judge *pro tem.* should have been sustained. The motion alleged that the court was prejudiced against him and that he could not have a fair and impartial trial before that judge. The motion recited acts of the court in calling the attention of federal officials to the case of appellant. The court, on the hearing of the motion, called attention to the fact that this was the third trial of the case, the other two former trials having resulted in hung juries. It was admitted by the court that he had called the attention of the federal

officials to the failure of the former juries to convict appellant. The court spoke at.some length about the result in a companion case to this one, and about the difficulty in getting a jury to do its duty in this particular case. The court said, however:

"I have no prejudice against Mr. Cole. This case means nothing to me one way or the other, except that it is part of my job to see that the law is enforced. Mr. Cole will get a fair trial; he had more than fair trials the two other times, and it is up to Nemaha county to demonstrate whether they can do their duty or not."

This court has held that the fact the judge believed the defendant guilty of the offense charged was not enough in itself to entitle the defendant to a change of venue on the ground of prejudice of the trial judge. (*State v. Kagi,* 105 Kan. 536, 185 Pac. 62.) In that case there was no doubt but that the trial judge believed the defendant guilty. The court said:

"The fact that the judge may believe the accused guilty of the crime charged is not sufficient to show prejudice, for two reasons; he is not the trier of the facts; and his legal training and experience enable him to pass upon the admissibility of evidence and to give the proper instructions regardless of his own belief as to the guilt or innocence of the accused." (p. 537.)

To the same effect is the holding in *State v. Tawney,* 81 Kan. 162, 105 Pac. 218. The question is not whether the trial court believes the defendant guilty, but whether he can give him a fair trial. The court does not weigh the evidence. It is the duty of the court to rule on the admissibility of evidence and to instruct the jury. He can do this fairly even though he does think the defendant guilty. It is only when such prejudice is shown as prevents the trial court from performing these duties fairly that the defendant is entitled to a change of judges. It is the duty of the trial judge when challenged in this manner to search his conscience as to this condition. The ruling of the court on that question of fact will not be disturbed unless there is other evidence of prejudice which overcomes the finding of the court. There is no such evidence in this case.

In this case the sheriff made a raid and found two stills in operation. They were located in a shed on the farm of one Ralston. The sheriff approached from the front. Two deputy sheriffs approached from the rear. They intercepted appellant and one Thompson running from the shed. Appellant was dressed in overalls and an undershirt. When arrested he returned to the shed where the stills were. There he picked up a shirt and put it on.

The evidence of the state consisted largely of testimony of Mr. and Mrs. Ralston. As might be expected, both of these people were reluctant and unwilling witnesses for the state. The record discloses that the court asked them about as many questions as the county attorney. That is one of the errors of which complaint is made. Appellant argues that the court erred in acting as prosecutor. The aim of a trial is to arrive at the truth. The trial court is not bound to sit with folded hands and watch a miscarriage of justice when a well-directed question will bring out the truth. Neither should the court take such an interest in the examination of witnesses that he ceases to be an impartial arbiter and becomes an advocate. We are not called upon to decide whether the conduct of the court in taking part in the examination of witnesses was reversible error, because the motion for a new trial was not made on the ground of misconduct of the trial court. We have held many times that for a ruling of a trial court to be available on appeal, the attention of the court must have been called to it in the motion for a new trial. (*Branner v. Nichols*, 61 Kan. 356, 59 Pac. 633.)

Appellant urges that the court erred in permitting the county attorney to cross-examine Mr. and Mrs. Ralston, and in cross-examining them himself. As has been noted, these were unwilling witnesses. They had both made statements to the county attorney after the raid. When put on the stand it soon became evident that neither of them intended to tell the same story on the witness stand that they had told the county attorney. The county attorney was surprised. Under such circumstances it is proper for the party putting a witness on the stand to cross-examine him. (*State v. Smarsh*, 117 Kan. 238, 231 Pac. 52.)

Appellant urges that there was not sufficient evidence to sustain the verdict of the jury. We have seen that appellant was intercepted as he was running from the shed where the stills were. His shirt, which he did not have on when arrested, was found in the shed with the stills. These circumstances alone were sufficient to sustain the verdict. He explained this, but the jury did not believe the explanation. Besides, there were many circumstances testified to reluctantly by Mr. and Mrs. Ralston which point to the guilt of appellant.

On the hearing of the motion for a new trial one of the jurors testified that he was the last one to vote guilty, and that at the

time he did not believe the appellant was guilty beyond a reasonable doubt. It is urged that appellant should have been granted a new trial on this account. This court has held many times that a juror cannot be heard to impeach his own verdict. (*State v. Buseman,* 124 Kan. 496, 260 Pac. 641, and cases there cited.)

The judgment of the district court is affirmed.