STATE, Respondent, v. LAPKE, Appellant.

(252 N. W. 38.)

(File No. 7252.   Opinion filed January 11, 1934.)

For former opinion, see 61 S. D. 389, 249 N. W. 634.

*C. M. Carroll, John Pusey,* and *Harlan J. Bushfield,* all of Miller, for Appellant.

*Frank W. Mitchell* and *Ray F. Drewry,* Assistant Attorneys General, for the State.

KNIGHT, Circuit Judge. This case is here on rehearing granted on motion of the state. The former opinion granting a new trial is reported in 61 S. D. 389, 249 N. W. 634. We are satisfied that the result there reached and announced is correct.

Our attention has been called to the statement of facts as contained in the former opinion and to particulars in which such statement is incomplete. We believe that a more complete statement would serve no useful purpose.

The conviction rests upon circumstantial evidence, given largely by witnesses who were brothers of defendant and were, prior to the trial, known to be unwilling and hostile to the state. Upon being called at the trial these witnesses gave testimony which was very unsatisfactory to the state, and in some particulars directly contradictory to testimony given at the preliminary hearing. The state was then allowed, over timely objection, to cross-examine these witnesses with reference to their former testimony, and to read into the record much testimony given at the preliminary hearing. This was done in each case not for the purpose of refreshing

the memory of the witness, nor for the purpose of probing the conscience of such witness, but for the very apparent purpose of having such testimony so given at the preliminary hearing considered as substantive proof of the matters covered by such former testimony. The defendant requested the following instruction: "Witnesses at this trial have been asked whether or not they have given certain testimony at preliminary investigation. The testimony so elicited from them at this trial as to what they have previously testified to was for the purpose of impeachment, or to touch the credibility of the witnesses and such testimony alone should not be considered affirmative proof of the issues in this action."

This instruction was refused, and the case submitted to the jury without any instruction as to the purpose for which the former testimony was received.

■ Certain exceptions to the well-established rule that a party may not cross-examine or impeach his own witness have been considered by this court in the following cases: State v. Callahan, 18 S. D. 145, 99 N. W. 1099, 1100; State v. Laymon, 40 S. D. 381, 167 N. W. 402, 404; Nelson v. C., B. & Q. Railroad Co., 47 S. D. 228, 197 N. W. 288; State v. Raetz, 53 S. D. 291, 220 N. W. 492, 493.

In State v. Callahan, counsel for the prosecution appear to have assumed that a state's witness would be adverse, and attempted to substitute his testimony at a former trial for present testimony by calling the attention of the witness to the testimony given by him at such former trial, and securing his admission that he had so testified. In disapproving of this method, the court said: "After a witness has given damaging testimony, to the unavoidable surprise of the party calling him, it seems to be, in a proper case, within the discretion of the trial court to permit interrogation of such witness with respect to previous inconsistent statements, but this is to refresh his memory, and rarely, if ever, for the purpose of impeachment. Considered as independent testimony, what the witness had stated at a former trial was clearly incompetent, and if counsel believed that he had subsequently become infamously adverse to the prosecution, and would testify falsely, his production was in direct violation of the ethical doctrine that one who voluntarily calls a witness vouches for his veracity. Upon no principle can what a person has sworn to before a grand jury, or at a pre-

vious trial, be taken as evidence to prove a defendant guilty of the crime with which he is charged, and a prosecutor in a criminal case is not permitted to refer to such testimony in order to discredit his own witness."

In State v. Laymon, the rule is announced as follows: "Where a witness is unwilling to testify or is hostile to the party calling him to the stand, and it is apparent that he is not telling the truth or is concealing the truth, or where his testimony is contrary to statements, purporting to be facts, made by him before he went upon the stand, or is contrary to what he has led the party placing him upon the stand to believe it would be, then, in order to ascertain the truth, it is within the province of the trial court to permit the party placing such witness upon the stand to cross-examine such witness, or even to impeach him. But what constitutes a proper case for proceeding in this manner is to be determined by the trial court in the exercise of sound judicial discretion, and, unless it appears that such discretion had been abused by the trial court, the course pursued by it will not be disturbed by this court."

In Nelson v. C., B. & Q. Railroad Company, the court, after commenting upon the fact that counsel were clearly taken by surprise by the testimony of a witness called by them, approved of the trial court permitting a cross-examination of such witness, and followed the rule as announced in State v. Laymon.

In State v. Raetz the court quotes with approval the language used by the court in State v. Laymon, and hereinbefore quoted, and calls attention to the fact that the counsel for the state was surprised by the attitude of the witnesses, and the court further said:

" * * * * The language in the Callahan opinion goes farther than was necessary to the decision in that case, and contains many statements in conflict with the language of the opinion in the Laymon Case. In so far as the two decisions are in conflict, this court now adopts as a correct statement of the law the language above quoted from the opinion in the Laymon Case.

"A witness, if allowed to go unchallenged, may, by change of front, prejudice the case of the party who, in good faith, has called him, expecting and having reason to expect, that the witness told the truth on his former examination, and will continue to tell the truth when again examined. And, when this element of sur-

prise is present, a party may be allowed to cross-examine his own witness."

■ ■ It is very important not only to determine when a party may be permitted to cross-examine or impeach his own witness, but also the purposes for which such cross-examination may be permitted. Where a witness testifies at variance with testimony given by him upon a previous trial or preliminary examination, a party calling such witness and surprised by such later testimony may call the attention of the witness to testimony previously given for the purpose of refreshing his memory, or for the purpose of probing the conscience of the witness and inducing him to correct his testimony, or for the purpose of inducing the witness to explain an apparent inconsistency, or for the purpose of neutralizing the testimony of the witness; but the testimony given at the former trial or preliminary hearing does not constitute substantive proof where the witness does not correct his testimony to conform to and agree with that previously given. The testimony given at the trial must be considered as the substantive proof, and the effect of offering previous testimony at variance therewith tends only to discredit the testimony given. It cannot be said that the testimony previously given is substantive proof, and that the later testimony tends to impeach it.

■ In the present case, as stated in the former opinion, considerable pressure, if not coercion, was used in order to secure from the state's witnesses the testimony desired at the preliminary hearing. The fact that such witnesses had repudiated and would probably not again give the same testimony was called to the attention of the prosecuting attorneys at the opening of the trial, and under these circumstances the receipt in evidence of the testimony given at the preliminary hearing, without any instruction from the court that the same did not constitute substantive proof of the matters therein related, constitutes prejudice and reversible error.

POLLEY, CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

KNIGHT, Circuit Judge, sitting in lieu of ROBERTS, P. J., disqualified.