## No. 23221.

ROBERT RICHARD LAND *v.* THE PEOPLE OF THE STATE OF COLORADO.
(465 P.2d 124)

Decided February 9, 1970.

JOHN P. DONLEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

ROBERT RICHARD LAND, the defendant, was charged with the crime of incest and statutory rape. At trial, the defendant's thirteen-year-old daughter testified that on several occasions her father had sexual intercourse with her. A doctor testified that he had examined the daughter and found her condition consistent with the allegation that she had engaged in sexual intercourse. The mother testified for the People, and the defendant testified in his own behalf denying any acts of intercourse with the daughter. The defendant was found guilty on both counts by the jury and was sentenced to from eight to fifteen years in the state penitentiary.

The defendant raises three contentions of error. (1) It was reversible error for the trial judge to refuse defendant's tendered instructions three and four which allegedly contained the defendant's theory of the case. (2) It was reversible error for the judge to omit an instruction to the jury on the limited purpose for which a written statement from the defendant's wife was admitted into evidence. (3) It was reversible error for the trial judge to admit at trial evidence of acts of intercourse between the defendant and his daughter on which the statute of limitations had run. We hold that the trial court acted properly, and we affirm the judgment.

I.

In his brief, the defendant asserts that his theory of the case was that the testimony of the complaining witness, the daughter, taken as a whole indicates that she was unstable, immature, confused as to the facts, and

unaware of the seriousness of the charge she was making against her father; furthermore, that she was influenced by a desire to give the answers that she thought the person questioning her wanted to receive; and also, that she was interested in saving her mother from prison at the expense of her father who was already in prison.

In order to present his theory of the case to the jury, the defendant tendered two instructions which were rejected by the trial judge. Tendered instruction three instructed the jury that children are more suggestible than adults; that they may not fully understand the serious consequences of the charges they make; and that the jury should take this into account when evaluating the testimony of the daughter. Tendered instruction four instructed the jury that if they found it reasonable that the daughter had intercourse with some person, but that she accused her father only after her discussions with certain authorities and after the father had been away in prison for three months, and if they further found that under those circumstances the facts were as consistent with the innocence of the defendant as with his guilt, then they must find the defendant innocent. We do not agree that it was error for the trial judge to refuse to give these tendered instructions.

■■ The function of the instructions given by the judge to the jury is to define for the jury, and to call its attention to, the legal principles which apply to and govern the facts that are proved or presumed in the case. *Lewis v. People,* 99 Colo. 102, 60 P.2d 1089. The trial judge must give an instruction tendered by a defendant on his theory of the case only when the instruction is in proper form and when there is evidence to support the defendant's theory. *Sterling v. People,* 151 Colo. 127, 376 P.2d 676, *cert. denied* 373 U.S. 944, 83 S.Ct. 1554, 10 L.Ed.2d 699.

■ Defendant's tendered instruction three is basically a cautionary instruction dealing with the credibility of the child victim as a witness. The decision of whether or

not to give such a cautionary instruction is a matter which we leave to the sound discretion of the trial judge. *Luna v. People,* 170 Colo. 1, 461 P.2d 724; *Slocum v. People,* 120 Colo. 86, 207 P.2d 970.

 The trial judge did instruct generally on the credibility of witnesses. He instructed the jury that when they were considering what weight to give to the testimony of the witnesses, they should consider, among other things, their strength of memory, the reasonableness of their statements, the consistency of their testimony, the motives actuating them, their bias, prejudice or interest, their manner and demeanor, and all other facts and circumstances shown by the evidence. In our opinion, the trial judge went as far as the evidence permitted in instructing the jury as the defendant requested, and he was not in error in refusing tendered instruction three.

 Defendant's tendered instruction four states two facts established by the evidence. These are that the daughter accused her father of having intercourse with her only after and during discussions with certain authorities, and that the accusation against her father was made only after he had been in the penitentiary for three months. Even though these facts are supported by the evidence, they do not by themselves stand as a complete defense to the crime for which defendant was charged. They were rather another attack on the credibility of the daughter's direct testimony that her father had had intercourse with her. As such they were embraced by the instruction given.

II.

One of the crimes with which the defendant was charged was incest. The People called the defendant's wife to the stand in order to elicit testimony from her that she had seen the defendant and his daughter in bed together. When the wife denied that she had seen the two in bed, the prosecuting attorney offered into evidence a statement written by the wife. In that statement,

the wife stated that she had come home to find the two in bed together on several occasions. The wife's statement was admitted into evidence after it was properly identified by the wife.

■ It should be noted that the impeaching evidence was admitted on the basis that the district attorney was surprised by the witness' testimony. Ordinarily, one may not impeach his own witness. But in the exceptional case where a party is truly surprised by the witness' testimony, the better rule is that, in the interest of truth, impeachment may be permitted in the discretion of the trial judge. *C. McCormick, Evidence* §§ 38,39 (1954); III *J. Wigmore, Evidence* § 902 (3rd ed. 1940); *Model Code of Evidence* rule 106 (1942).

■ The defendant did not request an instruction to the jury on the limited use for which the statement was admitted into evidence, and no such instruction was given by the judge. This matter was not raised in defendant's motion for new trial.

The defendant argues that the trial judge was under a duty *sua sponte* to give a limiting instruction to the jury even though the defendant did not request such an instruction at trial. In so contending, the defendant relies on the case of *Stull v. People,* 140 Colo. 278, 344 P.2d 455. We do not agree that *Stull* requires that result here.

The *Stull* decision was predicted on the idea that a man may not be found guilty of one crime by proof that he is guilty of another. To prevent such a result, that case provides that the trial judge shall instruct the jury on the limited purpose for which the evidence of other criminal conduct of the defendant not a part of the offense charged may be admitted during the trial.

The situation in the present case is significantly different. In one of the counts of the information, the defendant was charged with incest. Evidence that the daughter and the father were sharing the same bed related not to other conduct not a part of the charge, but

to the offense with which the defendant was charged. The purpose of Exhibit A was to refresh the witness' memory or impeach her testimony on a matter directly connected with the offense with which the defendant was charged. We will not extend *Stull* to such circumstances, and in the absence of a request by defendant for a limiting instruction, we do not hold it to be reversible error for the trial court to fail to give such an instruction. See *Bishop v. People,* 165 Colo. 423, 439 P.2d 342.

### III.

Finally, the defendant argues that it was error for the judge to admit into evidence testimony that the defendant had intercourse with the daughter at a time when prosecution for that act of intercourse was barred by the statute of limitations. The authority cited by the defendant in support of his contention is distinguishable. At the time the objectionable testimony was admitted, the defendant had not moved the court to require the People to elect the particular date they would rely on for a conviction. More important, the defendant did not object to admission of the testimony at trial nor did he raise the point on his motion for new trial. Moreover, he cross-examined the girl upon this evidence rather extensively. We will not second-guess trial strategy, and, unless there is fundamental error (which we do not deem present here), we will not consider matters to which the defendant has not objected and which are not raised on motion for new trial. *Phillips v. People,* 170 Colo. 520, 462 P.2d 594; *Falgout v. People,* 170 Colo. 32, 459 P.2d 572.

The brief for the defendant indicates that the defendant is alleging as error the failure of the trial judge to grant the defendant's motions for a verdict of acquittal at the close of the case for the People and at the close of the defendant's case, and that the verdict in this case is unsupported by the evidence. It is sufficient to note that the testimony given by the daughter along

with the testimony of the doctor who examined her was sufficient, if believed by the jury, to establish every element of the crimes with which the defendant was charged.

The judgment is affirmed.

Mr. Justice Groves dissents.

Mr. Justice Groves dissenting:

I respectfully dissent by reason of my belief that pro-judicial error was committed when the court allowed the written, impeaching statement of the defendant's wife to be admitted into evidence without any advice to the jury as to the limited purpose for its admission. The defendant's wife was a witness for the People. While on the stand, she denied that she had seen her husband and daughter in bed together. The prosecuting attorney then claimed surprise and over objection was permitted to introduce the wife's written statement that she had found the two in bed together on several occasions.

Neither side has cited authority on the question of whether a surprised prosecuting attorney can impeach his own witness. There is the familiar rule that when an attorney is surprised by the testimony of his own witness the court may grant the attorney the right of cross-examination as an adverse witness. However, I am not aware of any Colorado decision which permits the attorney to impeach such a witness or which states that surprise is a reason for disregarding the equally well known rule that a party cannot impeach his own witness. There is a vast difference between cross-examination as an adverse witness and impeachment of that witness.

The wife's statement was admitted over the objection of the defendant. In my view, if a court may admit over objection a prejudicial statement as impeachment by the prosecuting attorney of his own witness, then the court has the duty at that time, as well as in the instructions, to advise the jury of the limited purpose of the exhibit.

See *State v. Smarsh,* 117 Kan. 238, 231 P. 52; *State v. Shea,* 148 Minn. 368, 182 N.W. 445; *State v. Gallicchio,* 44 N.J. 540, 210 A.2d 409; *Wiese v. State,* 47 Okla. Crim. 59, 287 P. 1099; and *State v. Lapke,* 62 S.D. 187, 252 N.W. 38.

The majority opinion apparently gives emphasis to the fact that the defendant did not request a limiting instruction and cites *Bishop v. People,* 165 Colo. 423, 439 P.2d 342. I do not regard *Bishop* as governing because it did not involve the impeachment of the prosecution's own witness, but rather the impeachment by the prosecution of a defense witness. Under the present instructions the jury was entitled to consider the written statement as inculpatory and it may be that their decision would have been different if the jury had been properly instructed. I do not believe that the trial judge must "nursemaid" defense counsel throughout a criminal trial; but I do believe that in this instance, involving alleged repulsive and inflammatory conduct, there was a duty on the part of the court to caution the jury as to the purpose of this prejudicial exhibit.